United States District Court
Southern District of Texas
**ENTERED**
August 28, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | CRIMINAL ACTION NO. H-22-96-1 |
| DANTE DESHAWN GREGORY, | § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

The defendant, Dante Deshawn Gregory, moved to suppress certain evidence obtained during Gregory's encounter with the police on the day of his arrest.  (Docket Entry No. 50).  The court held a hearing on the motion on August 24, 2023.   The court granted in part and denied in part the motion to suppress, for the reasons stated on the record.  Specifically, the court granted the motion to suppress as to statements made by the defendant in response to questioning by the police without *Miranda* warnings.  But the court denied the motion to suppress in so far as the defendant sought to suppress evidence that the police officers observed him in possession of a gun.

The court also held that *Bruen* cannot serve as a basis to invalidate a felon in possession law.  The court acknowledges that *Bruen* has thrown well established circuit authority into question.  Some district courts have explicitly or implicitly found that *Bruen* requires them to consider Second Amendment challenges under the *Bruen* test, rather than undercircuit precedent. *See, e.g.*, *United States v. Bullock*, ___ F. Supp. 3d ____, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309, at *4 (S.D. Miss. June 28, 2023) (finding that *Bruen* "abrogated Fifth Circuit precedent" and performing a *Bruen* analysis to conclude that § 922(g)(1) was unconstitutional as applied to the particular defendant).  *But see, e.g.*, *United States v. Donahue*, No. 2:22-CR-00128-1, 2023 WL 4372706, at *2 (S.D. Tex. July 5, 2023) (performing a *Bruen* analysis and denying the

defendant's motion to dismiss because "[s]ection 922(g)(1) is constituent with the Nation's historical traditional of firearm regulation.").

The Fifth Circuit has not decided this issue. No panel of the Fifth Circuit has concluded that *Bruen* is an intervening decision necessitating a change in circuit law. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision."). The Fifth Circuit's existing precedents bind this court. Those precedents affirm the constitutionality of § 922(g)(1). *See, e.g.*, *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (affirming the defendant's conviction and noting the *Heller* Court's statement that its opinion should not "be taken to cast doubt on long-standing prohibitions on possession of firearms by felons") (quoting *Heller*, 554 U.S. at 626).

The motion to dismiss, (Docket Entry No. 49), is denied on the current record. However, the defendant may file a new motion to dismiss if he believes that the court's rulings on the motion to suppress raise a new ground for dismissal. The deadline to file such a motion is October 2, 2023. The Government must file its response no later than October 23, 2023.

SIGNED on August 28, 2023, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge

2